UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MARIA TORNEL, | Case No. 5:17-cv-02200-JDE |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Maria Tornel ("Plaintiff")[1] filed a Complaint on October 25, 2017, seeking review of the Commissioner's denial of her application for disability insurance benefits ("DIB"). The parties filed a Joint Submission ("Jt.

---

[1] Plaintiff's last name is spelled "Tornell" in the caption and body of the Complaint (Dkt. 1 at 1), but is spelled "Tornel" in the body and caption of the Joint Stipulation (Dkt. 17) and throughout the Administrative Record ("AR"). See, e.g., AR 1, 6, 38, 125. Thus, it appears that the spelling of Plaintiff's last name in the Complaint was in error. As a result, the Court orders the caption and the docket in this action to be amended to reflect "Tornel" as the correct spelling of Plaintiff's last name.

Stip.") regarding the issues in dispute on July 16, 2018. The matter now is ready for decision.

## I.

## BACKGROUND

Plaintiff filed applications for DIB on November 22, 2013, alleging disability commencing on December 3, 2012. Administrative Record ("AR") 125-26. After her application was denied initially (AR 96-101) and on reconsideration (AR 102-07), Plaintiff requested an administrative hearing (AR 108), which was held on May 17, 2016. AR 38-67. Plaintiff, represented by a non-attorney representative, appeared and testified at the hearing before an Administrative Law Judge ("ALJ").

On June 10, 2016, the ALJ issued a written decision finding Plaintiff was not disabled. AR 20-37. The ALJ found Plaintiff had not engaged in substantial gainful employment since December 3, 2012 and suffered from the following severe impairments: obesity; mild spondylosis of the lumbar spine; mild degenerative disc disease of the cervical spine; and early bilateral osteoarthritis. AR 25. The ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. AR 26. The ALJ also found Plaintiff had the residual functional capacity ("RFC") to perform the demands of light work as defined in 20 C.F.R. § 404.1567(b) except:

> [T]he claimant can lift/and or carry twenty pounds occasionally, ten pounds frequently; the claimant can sit, stand or walk for six hours out of an eight-hour workday with normal breaks; the claimant can occasionally climb ramps and stairs; the claimant cannot climb ladders, ropes or scaffolds; the claimant can occasionally balance, stoop, kneel, crouch or crawl; the claimant must avoid concentrated exposure to extreme cold, excessive

vibration and workplace hazards such as dangerous moving
machinery and unprotected heights.

AR 26.

The ALJ found Plaintiff was capable of performing her past relevant work as a cashier II or receptionist as generally performed in the regional and national economy, but not as actually performed by Plaintiff. AR 31. The ALJ also found, considering Plaintiff's age, education, work experience, and RFC, other jobs existed in significant numbers in the national economy that Plaintiff could perform. AR 32. Accordingly, the ALJ concluded Plaintiff was not under a "disability," as defined in the Social Security Act. AR 33.

On September 1, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-7.

### III.
### LEGAL STANDARDS

#### A. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review a decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing

court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

In addition, if an ALJ commits legal error, the decision will be upheld if that error is harmless. Id. at 1115. An error is harmless if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

**B. Standard for Determining Disability Benefits**

When the claimant's case has proceeded to consideration by an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Molina, 674 F.3d at 1110.

First, the ALJ considers whether the claimant currently works at a job that meets the criteria for "substantial gainful activity." Id. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than twelve months. Id. If so, the ALJ proceeds to a third step to determine whether the claimant's impairments render the claimant disabled because they "meet or equal" any of the "listed impairments" set forth in the Social Security regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015).

If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from his impairments. See 20 C.F.R. §§ 404.1520(a)(4),

4

416.920(a)(4); Social Security Ruling ("SSR") 96-8p. After determining the claimant's RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform his past relevant work, either as he "actually" performed it when he worked in the past, or as that same job is "generally" performed in the national economy. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016).

If the claimant cannot perform his past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, he is not disabled; but if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. See Id. at 1099.

The claimant generally bears the burden at each of steps one through four to show he is disabled, or he meets the requirements to proceed to the next step; and the claimant bears the ultimate burden to show he is disabled. See, e.g., Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at Step Five, the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

## IV.

## DISCUSSION

The parties present two disputed issues (Jt. Stip. at 4):

Issue No. 1: Did the ALJ properly considered the medical evidence; and

Issue No. 2: Did the ALJ properly considered Plaintiff's subjective testimony about her limitations.

5

## A. Objective Medical Evidence

With respect to Issue No. 1, Plaintiff contends the ALJ failed to properly consider the medical evidence of record.

### 1. Applicable Law

In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and "the effects of symptoms, including pain, that are reasonably attributable to the medical condition." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) (citation omitted).

"There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009); see also 20 C.F.R. § 416.902. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." Id.

"[T]he ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons" supported by substantial evidence in the record. Carmickle v. Comm'r, Sec. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted); Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle, 533 F.3d at 1164 (citation omitted). "The ALJ need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009).

2. <u>Analysis</u>

Plaintiff argues the ALJ did not properly consider the weight accorded to the opinion of Thomas Grogan, M.D. [2] ("Dr. Grogan").

From October 9, 2013 to March 25, 2016, Dr. Grogan issued multiple opinions. AR 214-15, 229-31, 261-62, 332-36. On July 22, 2014, Dr. Grogan opined Plaintiff had a decreased range of motion in the cervical and lumbar spine measuring 70% of expected normal values. AR 332. Dr. Grogan asserted Plaintiff was "physically incapable" of returning back to work as a cashier "now or in the future." <u>Id.</u> On July 23, 2014, Dr. Grogan opined Plaintiff was partially totally disabled through January 1, 2015. AR 335. Subsequently, Dr. Grogan completed a physical capacities evaluation form on March 25, 2016 and opined Plaintiff: could stand or walk for two to four hours in an eight-hour workday; sit for four to six hours; lift and/or carry 15 pounds occasionally and 10 pounds frequently; could occasionally climb and reach from waist to shoulders; could not balance, stoop, kneel, crouch, crawl; reach below the knee; reach waist to knees; or reach above the shoulders. AR 261-62.

The ALJ accorded "little weight" to the opinion of Dr. Grogan, finding "the severity of the functional limitations assessed by Dr. Grogan were inconsistent with the claimant's medical records." AR 30. The ALJ found Dr. Grogan's opinion was inconsistent with the findings of: (1) Pravin Panchal,

---

[2] Plaintiff appears to assert Dr. Grogan was a treating physician. Jt. Stip. 13. Treating physicians generally prescribe medication, evaluate reports from examining doctors, set the overall course of treatment, and see patients with a frequency consistent with accepted medical practice for the type of treatment required by the patients' medical conditions. <u>See</u> Lester, 81 F.3d at 833; 20 C.F.R. § 404.1527(a)(2). The Court herein assumes that Dr. Grogan was a treating physician, even though he did not prescribe any medication, did not set a course of treatment, and only examined Plaintiff four times in almost two and a half years. AR 214-16, 229-32, 261-62, 332-36. As set forth below, even assuming Dr. Grogan is a treating physician, the ALJ still appropriately considered the medical evidence.

7

M.D. ("Dr. Panchal"), a treating physician; (2) Raafet Mattar, M.D. ("Dr. Mattar"), an examining physician; (3) Dennis Cramer, D.O. ("Dr. Cramer") an examining physician; and (4) the state agency physicians, non-examining physicians. Id. The ALJ also found Dr. Grogan's opinion was not supported by medically acceptable clinical or diagnostic findings. Id. Lastly, the ALJ noted Dr. Grogan's limitations were inconsistent with Plaintiff's self-reported abilities and her admitted activities of daily living, such as grocery shopping and household chores. AR 30-31. The Court finds the ALJ provided specific and legitimate reasons for discounting Dr. Grogan's contradicted opinion.

First, the ALJ properly noted the functional limitations proffered by the state agency physicians, Dr. Mattar, Dr. Panchal, and Dr. Cramer, were discordant with those proffered by Dr. Grogan. AR 28-30. For instance, while Dr. Grogan opined Plaintiff could only stand/walk for zero to two hours of an eight-hour workday and could not return to work, the state agency physicians concluded Plaintiff could stand/walk for six hours and could return to light work. AR 261, 229, 71, 73. Dr. Mattar repeatedly opined from August 2012 through February 2013 that Plaintiff was capable of returning to work without restrictions. AR 30, 209-12. Dr. Panchal's March 6, 2015 physical examination of Plaintiff revealed normal findings and did not state that Plaintiff should refrain from work. AR 29, 286-87. Additionally, Dr. Cramer concluded Plaintiff could "return to gainful employment," despite recommending physical therapy on April 4, 2016. AR 324-26. As Dr. Mattar, Dr. Cramer, and Dr. Panchal based their conclusions on independent examinations of Plaintiff, the ALJ permissibly relied on those findings. See Calhoun v. Berryhill, 734 F. App'x 484, 487 (9th Cir. 2018); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (finding opinion of a consultative examiner that rests on the examiner's own independent examination and clinical findings alone was substantial evidence for rejecting conflicting opinion from a treating source).

Second, the ALJ properly found Dr. Grogan's opinion was not supported by the objective medical evidence. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is . . . inadequately supported by clinical findings."). The ALJ noted "although physical examinations revealed pain to palpitation in the paraspinal region of the cervical and lumbar spine with decreased range of motion, pain to palpatation in the lower coccyx, crepitus at the patellofemoral joint, and back pain with a straight leg raising test, the claimant had full range of motion of the hips, ankles, and subtalar joints." AR 30. Plaintiff also had: a full range of motion of the shoulders, elbows, wrists, and hands; full motor strength; intact sensation; symmetric deep tendon reflexes; and symmetric grip strength. Id. The ALJ observed that an X-ray of the lower extremities revealed "only early narrowing consistent with early osteoarthritis." Id. The ALJ concluded that in reviewing the complete medical history, Plaintiff received "routine, conservative, and non-emergency treatment"—not the type of treatment expected of a "totally disabled individual." AR 28-29. The ALJ's conclusion is supported by substantial evidence. See Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Third, the ALJ noted Plaintiff regularly "carried laundry, went grocery shopping, drove a vehicle, cleaned her living area, prepared meals, and performed some yard work," which the ALJ found to be consistent with Plaintiff's RFC (AR 31), and by implication, inconsistent with Dr. Grogan's assessed limitations -- such inconsistency being an appropriate basis to discount Dr. Grogan's opinion. See Morgan, 169 F.3d at 600-02 (inconsistency between a treating physician's opinion and a claimant's daily activities may be a specific and legitimate reason to discount a treating physician's opinion).

In sum, the Court finds the ALJ appropriately considered the medical evidence.

**B.     Plaintiff's Subjective Symptom Testimony**

In Issue No. 2, Plaintiff argues the ALJ improperly discounted her subjective symptom testimony.

   1. Applicable Law

Where a disability claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, absent evidence of malingering, the ALJ must provide "'specific, clear and convincing reasons for' rejecting the claimant's testimony regarding the severity of the claimant's symptoms." Treichler v. Comm'r Soc. Sec. Admin., 775 F.3d 1090, 1102 (9th Cir. 2014) (citation omitted); Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); see also 20 C.F.R. § 416.929. The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude that the [ALJ] rejected [the] claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885 (citation omitted). However, if the ALJ's assessment of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the Court's role to "second-guess" it. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Finally, the ALJ's credibility finding may be upheld even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld. See Batson v. Comm'r Soc. Sec. Admin, 359 F.3d 1190, 1197 (9th Cir. 2004).

   2. Analysis

During the 2016 hearing, Plaintiff testified she last worked on December 3, 2012 and stopped working because she was let go, stating she could not work due to limitations with bending, sitting, squatting, knee pain, and back pain. AR 47. Plaintiff testified she could only sit for approximately thirty

minutes due to pain and cramping, could stand for fifteen minutes, and could not lift a gallon of milk with one hand. AR 59-60. She testified she experienced an average of level eight pain "most of the time." AR 61. Plaintiff testified she had undergone approximately twenty injections in 2016 and took prescription pain medication, which caused drowsiness and light-headedness. AR 55. Plaintiff testified she laid down when she experienced light-headedness, and estimated she laid down 50% of the day for up to three hours at a time. AR 56-57. She brought a cane to the hearing, which she stated she had been using for about two months three to four days per week when outside of her home due to sciatic pain and knee pain. AR 46-47. Plaintiff also reported she had a valid driver's license and drove daily. AR 45.

Plaintiff completed an exertional activitiy questionnaire on April 24, 2013 and another on March 31, 2016. AR 135-37, 177-78. She indicated she experienced fatigue due to her thyroid and was always in pain. AR 135. She reported she could walk one mile in thirty minutes, after which she would experience stiffness, and had trouble getting in and out of the car. Id. Plaintiff stated she could climb fourteen steps, but experienced hip pain, foot pain, lower back pain, and foot stiffness at night. AR 135-136. Plaintiff asserted she carried "thirteen gallons" of laundry every other day, but reported her daughter assisted her with grocery shopping once a week. AR 136. Plaintiff claimed she cleaned her home for two hours in the morning, two hours in the afternoon, and two hours at night, watered her lawn and swept outside, although she had trouble bending over to pick things up. Id. Plaintiff stated she could drive for sixty miles. Id. Plaintiff reported she cooked meals twice per day and washed clothes two to three times per week. AR 177.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but her statements "concerning the intensity, persistence[,] and limiting effects of these symptoms

[were] not entirely consistent with the objective medical evidence and other evidence," (AR 28) because Plaintiff's subjective symptom testimony was inconsistent with: (1) the objective evidence and other evidence in the record; (2) with her conservative treatment; and (3) her activities of daily living. AR 28-31. As explained below, the ALJ provided legally sufficient reasons for discounting Plaintiff's subjective symptom testimony.

First, the ALJ discounted Plaintiff's symptom testimony because it was not supported by objective medical evidence. AR 28-31. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005); see also Rollins, 261 F.3d at 857. The record shows numerous objective medical findings and conclusions that conflict with Plaintiff's allegations of total disability, including: (1) physical examination findings showing full range of motion of the shoulders, full range of motion of the elbows, full range of motion of the wrists, full range of motion of the hands, full motor strength, intact sensation, symmetric deep tendon reflexes, symmetric grip strength, full range of motion of the hips, full range of motion of the ankles, and full range of motion of the subtalar joints (AR 209-16, 229, 267-87, 325, 332); (2) diagnostic testing, including MRIs and x-rays of Plaintiff's cervical and lumbar spine, showing "mild disc narrowing" at C6-7, "mild facet osteoarthritis" at L4-5 and L5-S1, and signs of early osteoarthritis (AR 218, 325); and (3) Dr. Grogan's opinions that Plaintiff functioned at 70% - 75% of her range of motion of the cervical and lumbar spine (AR 214-15, 229, 325, 332). In light of this evidence, the ALJ properly found inconsistency with the objective medical evidence as one of at least two valid bases upon which to discount Plaintiff's symptom testimony. See Burch, 400 F.3d at 681.

Second, the ALJ discounted Plaintiff's symptom testimony because she had only received conservative treatment. AR 28. The treatment a claimant

12

received, especially when conservative, is a legitimate consideration in a credibility finding. See Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) (finding an ALJ properly rejected claimant's subjective complaints where medical records showed she responded favorably to conservative treatment of physical therapy and medication); Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (finding an ALJ properly considered physician's failure to prescribe, and claimant's failure to request, medical treatment commensurate with "supposedly excruciating pain"). Moreover, Plaintiff participated in physical therapy and other conservative treatments that she reported helped her. AR 326. Kumar v. Berryhill, 2017 WL 6028701, at *2 (C.D. Cal. Dec. 5, 2017) (finding an ALJ's credibility determination was supported in part because claimant received essentially conservative treatment, such as physical therapy, medication, walking regime, and stretching).

The ALJ noted Plaintiff's medical records documented "infrequent and conservative medical treatment during the period at issue." AR 28. The ALJ observed that "the positive objective clinical and diagnostic findings since the alleged onset date and prior to the claimant's date last insured detailed below do not support more restrictive functional limitations than those assessed herein." AR 29. Plaintiff's record documents she managed her allegedly disabling pain with only medication through the relevant period. Plaintiff testified she had many injections, but she received all the injections in 2016, almost a year after her date last insured of March 31, 2015. AR 55, 252, 257-58. During the relevant period from December 2012 through March 2015, Plaintiff's treatment only consisted of office visits and medications such as ibuprofen, Motrin, and Meloxicam. AR 209-12, 230-31, 241-42, 266-88. The ALJ's finding regarding conservative treatment was a clear and convincing reason supported by substantial evidence upon which to discount Plaintiff's statements of a disabling impairment. See Tommasetti, 533 F.3d at 1040; Fair

v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989) (finding claimant's allegations of persistent, severe pain, and discomfort were belied by conservative treatment).

Third, the ALJ also discounted Plaintiff's subjective symptom testimony based on her reported daily activities, specifically, her ability to carry laundry, go grocery shopping, drive a vehicle, clean her living area, prepare meals, and perform yard work. AR 31. The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." Garrison v. Colvin, 759 F.3d 995, 1016 (9th Cir. 2014); Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."). "[O]nly if his level of activity [was] inconsistent with [a claimant's] claimed limitations would these activities have any bearing on his credibility." Garrison, 759 F.3d at 1016

Here, even if the ALJ erred in relying on Plaintiff's activities of daily living as a basis for discounting her symptom testimony, as long as there remains "substantial evidence supporting the ALJ's conclusions" and the error "does not negate the validity of the ALJ's ultimate [credibility] conclusion," the error is deemed harmless and does not warrant reversal. Batson, 359 F.3d at 1195-97; Williams v. Comm'r, Soc. Sec. Admin., 2018 WL 1709505, at *3 (D. Or. Apr. 9, 2018) ("Because the ALJ is only required to provide a single valid reason for rejecting a claimant's pain complaints, any one of the ALJ's reasons would be sufficient to affirm the overall credibility determination.") As there are two other valid, supported bases for the ALJ's discounting of

14

Plaintiff's subjective symptom testimony, the Court does not reach the issue of whether the ALJ erred in the consideration of Plaintiff's activities of daily living as a basis for discounting her subjective symptom testimony.

The Court finds the ALJ provided sufficiently specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony, specifically, the conflict with objective medical evidence and Plaintiff's conservative treatment. Those grounds, together, are sufficient to affirm the ALJ's decision on the issue.

## IV.
## ORDER

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Dated: September 19, 2018

_____
JOHN D. EARLY
United States Magistrate Judge